## Case No. 3,756.

### DELAPLAINE v. CROWNINSHIELD.

[3 Mason, 329.][1]

Circuit Court, D. Massachusetts. May Term, 1824.

LIMITATION OF ACTIONS—SUIT COMMENCED IN ANOTHER STATE.

1. To a plea of the statute of limitations, it is not a good replication, that a suit for the same demand was commenced in a court in another state, and discontinued within six years.

2. The commencement of a suit, to defeat the statute of limitations, must be the same suit, to which the plea is pleaded.

Assumpsit on several counts: (1) Money had and received. (2) On a promissory note dated at New York, on the 23d of March 1811, payable to plaintiff [John F. Delaplaine] or order on the 15th of July then next. (3, 4, and 5) On like notes for like sums, payable on the 1st and on the 15th of August then next, and on the 1st of September then next. Pleas: (1) Non assumpsit. (2) Statute of limitations of Massachusetts specially set forth. (3) Same plea, setting forth generally actio non accrevit. (4) Same plea generally, and no promise within six years. (5) Statute of limitations of New York, and actio non accrevit. Replication as to second, third, and fifth pleas, that an action was brought on the same demands in the supreme court of New York at January term, 1812, and continued from term to term until May term, 1821, and then discontinued; and that the cause of action accrued within six years before the commencement of the same action. The defendant [Richard Crowninshield] demurred to this replication, and the plaintiff joined in the

---

[1] [Reported by William P. Mason, Esq.]

demurrer. On a demurrer to the fourth plea, it was waived by the defendant.

Prescott, for defendant, in support of his demurrer to the replication to the second, third, and fifth pleas, cited 2 Salk. 420, 421; 2 Saund. 63, note 6; 6 Term R. 617; 3 Term R. 662.

G. Sullivan, for the plaintiff, argued e contra.

STORY, Circuit Justice. Whatever may be the case as to the other pleas, the plea of the statute of limitations of Massachusetts is a complete bar to the present suit, unless the matter set up in the replication is sufficient to avoid it. In my judgment, it is wholly insufficient. There is no case where the statute is stopped by the commencement of an action, unless that action is kept alive after the first process is returned, by continuances, and is the same suit to which the statute is pleaded as a bar. A suit commenced, and afterwards discontinued, will not aid the plaintiff in another suit, even in the same court for the same cause of action. The case of Smith v. Bower, 3 Term R. 662, is directly in point, and decisive against the plaintiff. Even if the law were otherwise on this point, it would be impossible to contend successfully for the proposition, that a suit commenced in another state would take a case out of the statute of limitations of Massachusetts, in an action pending here. No such exception is expressed or can be implied from that statute. The judgment must therefore be for the defendant on the demurrer, the replication being fundamentally bad; and this makes an end of the action. Judgment accordingly.