RILEY A. AXTELL v. JAMES O. GIBBS.

*Garnishment—Alias summons.*

1. An alias summons can be taken out against the principal defendant in a garnishment proceeding even though the return of the first summons was informal; the return may be amended.

2. An alias summons may be treated as a new writ for a new suit if the first suit has gone down; it is not void merely because the return to the original summons did not furnish a proper basis for it.

Error to Kalamazoo. (Mills, J.) Feb. 1.—Feb. 8.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Hawes & Shakespeare* for appellant.

*Breese & Stearns* for appellee.

COOLEY, C. J. The plaintiff, on October 25, 1882, took out summons against the defendant, from the circuit court for the county of Kalamazoo, and also at the same time caused William A. Gibbs to be summoned as garnishee of the defendant. The defendant at the time was understood to be out of the State, and he was proceeded against as a non-resident. The statute in such case permits of the service upon the defendant abroad, or of a substituted service within the State; allowing sixty days for the purpose. How. St. §§ 8087, 8088. No service whatever was made in the principal suit within the time. For some unexplained reason two writs appear to have been taken out against the defendant at the same time, one of which was filed without action, and the other was returned by the sheriff some time after the return-day, with a return thereon that he was unable to serve it upon the defendant. A further summons, purporting to be an alias, was taken out February 8, 1883, which was duly served on the defendant. Subsequently, motions were made to dismiss both the original suit and the garnishment, and the motions were granted.

In dismissing the principal suit the circuit judge is understood to have proceeded on the idea that a suit under the statute to reach moneys and effects of a non-resident by garnishment, was a proceeding in rem, and if service failed to be made in some form within the statutory time it could not be kept alive by successive writs. We do not think this the proper view to take of the proceeding. If the defendant should come to the State so that service could be had, we have no doubt of the right of the plaintiff to take out an alias for that purpose. Indeed, the principal suit should proceed as in other cases whenever that is practicable; the exceptional service being only provided for cases in which the ordinary and more proper service cannot be made.

The judge was also of opinion that the alias writ was improperly sued out because the return on the prior writ was not in due form of law. The return was certainly informal, but the officer should have been directed to amend it if anything depended upon its regularity in form. But if the last writ had no proper basis as an alias, it was not for that reason void. If the first suit had gone down, this should have been treated as a new writ for a new suit, and sustained accordingly.

The judgment must be reversed and the proceedings remanded.

The other Justices concurred.