WALDO M. JOHNSON AND RICHARD O. WHEELER v. ELVIN H. MEAD AND JOHN SCUDDER.

[See 58 Mich. 72.]

*Statute of limitations—Joint defendants—Failure of service—Neglect of officer—Commencement of new suit.*

1. Where, after the reversal of a judgment against two copartners on the ground that the interval between the issuance of *alias* and *pluries* writs to secure service upon *one* of them interrupted the continuity of the action, so that the statute of limitations became operative as to *said* defendant, the case was remanded for a new trial, and judgment was taken against the defendant originally served for the amount of the claim, and the suit was discontinued as to the other defendant, after which said judgment was set aside and the case discontinued, and within one year a new suit was commenced against *both* defendants, each of whom pleaded the general issue, and the one originally brought in by the successive writs gave notice of the statute of limitations, a verdict was properly directed for the defendants, the case not falling within How. Stat. § 8723.

2. The return of a sheriff, that "after diligent search and inquiry he is unable to find a defendant in his bailiwick," cannot be disputed by the plaintiffs in a second suit against the same defendants upon the same demand, by testimony that such service failed through the neglect or default of the officer.

Error to Wayne. (Reilly, J.)   Argued October 23, 1888.   Decided January 18, 1889.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Conely, Maybury & Lucking,* for appellants, contended:

1. That the case falls within How. Stat. § 8723; citing *McOmber v. Chapman,* 42 Mich. 117; *Pattridge v. Lott,* 15 Id. 252; *Coffin v. Cottle,* 16 Pick. 385; *Foote v. Pfeiffer,* 70 Mich. 531.

2. An action is duly commenced, within the meaning of How. Stat. § 8723, when a summons is issued, and placed in the hands of the sheriff, with the intent that, if practicable, it shall be served; citing *Howell v. Shepard,* 48 Mich. 472; Angell, Lim. (5th ed.) § 312.

3. Plaintiff's request that, if the jury find that the original summons failed of service on defendant Mead by the default or neglect of the sheriff, they should find against both defendants, should have been given, as it follows the language of the statute, and specifies one of the contingencies in which a new suit may be begun, notwithstanding the operation of the statute.

4. The evidence showing such default was, in effect, that the summons was delivered to the sheriff on the day of its issue, with special instructions to be sure and serve it on Mead, because the cause of action would outlaw in a few days; that Mead lived in Detroit, up Woodward avenue, and was a traveling man, but returned home at least once a week, and was frequently seen on week-days and Sundays during the life of the writ, publicly, on the streets and elsewhere, and that there was no concealment about his movements; citing Shear. & Redf. Neg. § 521, and cases cited.

*Bowen, Douglas & Whiting,* for defendant Mead, contended as stated in the opinion.

SHERWOOD, C. J. The summons in this case was issued July 3, 1886, out of the Wayne circuit court, and was returned September 21 thereafter, personally served on both defendants. Plaintiffs filed their declaration in *assumpsit,* October 7, 1886, and gave notice that they would show on the trial two notes,—one given at Marquette, Mich., dated October 1, 1877, for $2,069.76, due three months from date, payable to plaintiffs, and signed by defendants, who then composed the firm of E.

H. Mead & Co., at Detroit; the other bearing the same date, given by the same parties to Johnson & Wheeler for $2,092.16, payable to their order in four months from date; also that they would give in evidence four accept-ances of drafts, each draft dated October 5, 1877, and drawn for $581.74, at A. Ives & Sons' bank, in Detroit, 15, 20, 25, and 40 days, respectively, after date. On October 16, 1886, defendant Mead pleaded the general issue, and gave notice of the statute of limitations. Defendant Scudder pleaded the general issue. The cause was tried before Judge Reilly in the Wayne circuit, with a jury, and verdict was directed for the defendants. Plaintiffs ask a review.

Plaintiffs asked the court to charge the jury—

"1. To render a verdict against both defendants in favor of plaintiffs.

"2. If the jury find that the summons issued October 20, 1883, failed of service on the defendant Mead by the default or neglect of the sheriff, then you will find for the plaintiffs against both defendants."

More than six years elapsed between the maturity of the last note and the beginning of this suit. The plaintiffs, however, claim their cause of action has been preserved, and their right to bring this suit continued to them, by the action they have taken under section 8723, How. Stat., which contains the following provisions:

"If, in any action, duly commenced within the time limited in this chapter, and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if after a verdict for the plaintiff the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may com-mence a new action for the same cause, at any time within one year after the abatement or other determina-

tion of the original suit, or after the reversal of the judgment therein."

Plaintiffs claim, and their testimony shows, that they commenced a suit against the defendants upon the same notes and acceptances on October 20, 1883, and before the statute ran against any of them, and the writ was made returnable November 7, 1883. It was personally served in October on Scudder, and was returned by the sheriff, November 17, 1883, defendant Mead "not found." Four *pluries* writs were thereafter issued for Mr. Mead. The fourth was taken out March 29, 1884, and was served upon defendant Mead April 26 thereafter. In that suit thus commenced the plaintiffs filed their declaration, November 26, 1883. January 3, 1884, defendant Scudder pleaded the general issue, and on July 8 Mead filed his plea and notice, which were the same as in this suit. Nothing was ever paid by the defendants upon any of the claims, and the plaintiffs in that case had judgment for the amount thereof. Both defendants took an appeal to this Court, where the judgment was reversed, and a new trial granted, a majority of the Court holding that—

"The interval between the successive writs interrupted the continuity of the action, so that the limitation became a bar to recovery." See *Johnson v. Mead*, 58 Mich. 72 (24 N. W. Rep. 665).

Since the opinion in that case was given, and on October 16, 1885, *remittitur* was filed in the circuit court, where, upon the new trial, judgment was obtained against defendant Scudder for the amount of plaintiff's claims, and of discontinuance as to defendant Mead, and on the next day, on stipulation of plaintiff's attorney and Scudder's attorney, the judgment against Scudder was set aside, and the plaintiffs, on motion of their attorney, and by consent of the attorney for Scudder, discontinued the case, and within a year thereafter com-

menced this suit. It is these proceedings that are relied
on now by plaintiffs' counsel to enable them to maintain
this suit. It is claimed that under the statute quoted
the running of the limitation against plaintiffs' claims
was delayed, and their right of action preserved.

Counsel for the defendants, on the other hand, insist
that, while the statute in question is to be liberally con-
strued, its provisions only apply to such cases as may be
said to be within its terms, and do not apply to or permit
the revival of a cause of action which has been defeated
by a plea of the statute of limitations, as in the case
which was before us in the first suit, and was reversed
because of the limitation of the statute. In other words,
that there is nothing in the statute which makes the
plea used in different suits between the same parties, for
identically the same cause of action, good at one time
and bad at another; that the section referred to by
its terms applies to such actions as have been "duly
commenced within the time limited in this chapter," and
hence any action not so commenced cannot be revived,
even though it failed because of some one or more of
the reasons mentioned in the section the plaintiffs
invoke

That the case in which Mead first appeared, and which
came to this Court by writ of error, was not begun until
March 29, 1884, ahd not until after the statute had
become a bar; that, although the action had previously
been commenced against Scudder, it had been allowed to
go down as against Mead by reason of the breaking of
the continuity of the writs (see 58 Mich. 68); that the
beginning of the suit, March 29, 1884, must be treated as
a new suit against Mead, and which was long after the
statute began to run against plaintiffs' claims; and defend-
ants further insist that plaintiffs voluntarily discontin-
ued their suit, and that such proceedings as were had

therein do not furnish any ground contemplated by the statute upon which it was intended to continue the right of action.

We think the positions above mentioned, taken by counsel for the defendants, must prevail. *Axtell v. Gibbs*, 52 Mich. 639, 640 (18 N. W. Rep. 395, 396); 1 Dunlap, Pr. 119; Wood, Lim. 625; *Delaplaine v. Crowninshield*, 3 Mason, 329.

The testimony showing the default or neglect of the sheriff was not competent for the purpose of impeaching his return. Plaintiffs have their remedy for any such dereliction of duty, if it existed.[1] The circuit judge was correct under our previous rulings in the direction he gave. As against Mead, the statute began to run before any suit was brought against him, and as to defendant Scudder the suit was discontinued voluntarily, at which time the statute began to run, and it was after this that the present suit was begun.

The judgment must be affirmed.

The other Justices concurred.

---

[1] See points of appellants' counsel for testimony claimed to show such default or neglect.