HILL *v.* PIPKINS.

72   549
74   527

Opinion delivered June 25, 1904.

LIMITATION—NONSUIT—NEW ACTION.—Under Sandels & Hill's Digest, section 4841, providing that "if any action shall be commenced within the time respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, or after a verdict for him the judgment be arrested, or

after judgment for him the same be reversed on appeal or writ of error, such *plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed,"* *held,* that where an action on note was commenced in the circuit court within time, and subsequently, on defendant's death, a second action was instituted against his estate in the probate court after the period of limitation had expired, no nonsuit having been suffered in the former action, nor arrest of judgment made, nor reversal had on appeal, the second action was barred.

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

*Hill & Brizzolara,* for appellant.

The claim was not properly presented to the probate court. Sand. & H. Dig. § 111; 14 Ark. 471; 16 Ark. 647. An administrator cannot waive a defect in the affidavit. 19 Ark. 224; 30 Ark. 756. The affidavit cannot be supplied after the presentation. 48 Ark. 304; 25 Ark. 326. The objection to the affidavit may be taken at any time before final judgment. 14 Ark. 237; 7 Ark. 78; 66 Ark. 327. The note was barred by the statute of limitations. 70 Fed. 529; 3 Mason, 329; 1 Paige, 239; 19 How. 69; 38 Miss. 503; 2 Munf. 511; 23 Ark. 510; 65 S. W. 103, 425; 14 B. Mon. (Ky.) 307; Sand. & H. Dig. § 5717. The plea of *res judicata* should have been sustained. 11 Hun, 325; 6 Mo. App. 200; 18 Ark. 329; 19 Ark. 420; 41 Ark. 75; 53 Ark. 307. The case was improperly revived. Sand. & H. Dig. § 5936; 63 S. W. 65; 24 Ark. 562; 33 Ark. 824; 38 Ark. 245; 67 S. W. 310; 36 Pac. 1059; 26 Ind. 477; 1 Woerner, Admr. § § 268, 274. A suit abandoned by plaintiff cannot affect the operation of the statute. 29 Ark. 80; 45 Ark. 373; 1 Van Vleet, Former Adjudication, 87; 63 Tex. 576; 23 Minn. 442; 33 N. E. 619; 52 N. W. 685.

BATTLE, J. On the 15th day of April, 1886, L. P. Sandels executed to H. C. Ernest his promissory note for the sum of $500 and 10 per centum per annum interest thereon from date until paid. The note was made payable on or before the 15th

day of April, 1888. Ernest died. On the 14th day of April, 1893, T. R. Pipkins, as administrator of his estate, commenced an action in the circuit court for the Fort Smith District of Sebastian county to recover the amount due on the note. Sandels filed an answer.; and thereafter died on the 6th of October, 1893. The action was revived. against Joseph M. Hill, as administrator of L. P. Sandels, deceased, and was many times suspended and revived, on account of many revocations of the letters of administration of T. R. Pipkins and repeated restorations thereof, until the 30th of January, 1897, when it was revived in the names of Maggie Ernest Pipkins, the widow of H. C. Ernest, deceased, and Henry Bain Ernest, his only heir. On the 5th day of May, 1897, the issues in the case were tried before a jury, which resulted in a verdict in favor of the plaintiffs for $1,053.21, and judgment thereupon. Defendant filed a motion for a new trial, which was sustained, and the court granted the plaintiff an appeal on condition, as provided in sections 1016 and 1066 of Sandels & Hill's Digest. It does not appear that this appeal was perfected or prosecuted.

On the 25th day of May, 1895, when the action commenced on the 14th of April, 1893, was pending, Pipkins, as administrator of H. C. Ernest, filed the note of Sandels in the Sebastian probate court as a claim against his estate. Hill, as administrator of Sandels, among other things, pleaded the statute of limitations in bar thereof. The claim was disallowed by the court, and the plaintiff appealed to the circuit court; and in that court, the letters of administration of Pipkins having been finally revoked and no other letters being granted to any one, the action was revived in favor of Maggie Ernest Pipkins, the widow, and Henry Bain Ernest, the only heir. Plaintiffs recovered judgment, and from that judgment the defendant appealed to this court.

The time allowed by the statutes of this state for bringing actions upon promissory notes is five years. Allowing days of grace, the five years allowed for bringing an action upon the note sued on expired on the 18th day of April, 1893. The action commenced in the circuit court was within the time; but the action in the probate court was a distinct action, was brought while the first was pending and prosecuted, after the expiration of the five years, and was barred. The statutes did not save the remedy,

for no non-suit was suffered by the plaintiff in the first action, no arrest of judgment was made therein after verdict, and there was no reversal on appeal. Sandels & Hill's Digest, § 4841; *Delaplaine* v. *Crowinshield,* 3 Mason, 329, s. c. Federal Cases, No. 3756; *Crane* v. *French,* 38 Miss. 503, 525; *Callis* v. *Waddy,* 2 Munf. 511; *Elder* v. *McClaskey,* 70 Fed. Rep. 529; Wood, Limitations (3d Ed.), § 292.

Reversed, and final judgment rendered here in favor of appellant.