## WALLACE v. SWEPSTON.

Opinion delivered March 18, 1905.

1. GUARDIAN'S BOND—LIMITATION—ACCRUAL OF ACTION.—The rule that a cause of action against a surety on a guardian's bond does not accrue until the amount of the liability is established by an order of the probate court, and an order is made by said court directing

the amount to be paid over, is limited, so far as the prerequisite of an order to pay over is concerned, to settlements which are not final, and where the guardianship is left continuing. (Page 525.)

2. SAME—TERMINATION OF RELATION—ACCRUAL OF RIGHT OF ACTION.— Where the guardianship relation is ended by the death of the guardian, by the revocation of his letters, or by the coming of age of the ward, and the probate court adjusts the accounts and establishes the amount due from the guardian, the cause of action accrues at once, if there be some person capable of suing; but if there be no such person, the cause of action is postponed until there is some one capable of suing. (Page 525.)

3. GUARDIAN—FINALITY OF REMOVAL.—An order of the probate court revoking letters of guardianship is final, and cannot be set aside at a subsequent term. *Haden* v. *Swepston*, 64 Ark., 477, followed. (Page 525.)

4. LIMITATION—COMMENCEMENT OF SUIT AGAINST ANOTHER.—The statute of limitations having been set in motion as to the estate of a deceased surety on a guardian's bond, its operation was not arrested by the commencement and pendency of an action against the guardian and another surety to surcharge and falsify the accounts of the guardian. (Page 526.)

5. ADMINISTRATION—SUIT TO SUBJECT INHERITED PROPERTY—LACHES.— While a creditor may proceed in equity against the heirs of a deceased debtor who have received the ancestor's estate for satisfaction of his claim which accrued after lapse of the time limited for authenticating claims against the administrator, or after the close of his administration, such a suit will be barred by laches where the creditor waited ten years after the estate was wound up befor suing, and until there had been many changes in the status of the inherited property. (Page 527.)

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

### STATEMENT BY THE COURT.

Appellants are the surviving children and heirs at law of Robert C. Wallace, deceased, from whom they inherit lands, and who was one of the sureties on the bond of John W. Guerrant, as guardian of the person and estate of appellee when she was a minor. This is a suit brought by appellee in the chancery court to recover from the estate of said deceased surety, Robt. C. Wallace, on the bond of said guardian, and to enforce against the lands inherited by appellants from said Wallace one-half of the amount due appellee from the said guardian, as fixed by a

former decree of the chancery court of Crittenden County, surcharging his accounts in the probate court.

From a decree in favor of the plaintiff granting the relief prayed for the defendants appealed to this court. The facts alleged in the pleadings and shown by the proof are practically undisputed, and are as follows:

On October 30, 1870, John W. Guerrant was appointed guardian of the person and estate of appellee, who was then an infant and owned a considerable estate, and gave bond as such guardian in the sum of $10,000, with Robt. C. Wallace and J. R. Jenkins as sureties. Robt. C. Wallace died April 2, 1875, while the guardianship of appellee was still pending. and administration was immediately commenced upon his estate. He left a large estate, both real and personal, including these lands, which descended to his children, the appellants and two others who died subsequently, and the administration upon his estate continued, through the administrator originally appointed and an administrator *de bonis non* appointed later, until April 23, 1890, when it was finally closed.

On October 9, 1876, the probate court made an order revoking the letters of guardianship issued to Guerrant because of his failure to file his general settlement accounts; and at the next term of January 8, 1877, said court made and entered an order purporting to annul the former order, and attempting to reinstate the letters of guardianship revoked by the former. On the same day the guardian filed his settlement account showing a balance in his hands of $5,160.05, as of December 24, 1875, which account was by the probate court at the October term, 1877, duly confirmed, and thereafter the guardianship was treated by the court and guardian as still pending, and the said letters as still in force.

On July 10, 1883, after the attainment by appellee of her age of majority, said guardian filed in the probate court his final settlement, and on October 10, 1883, the probate court made an order, after disallowing some of the items and vouchers therein, confirming said account, and finding a balance of $1,292.63 in hands of said guardian due his ward, and directing him to pay the same over to his ward, the appellee.

On August 29, 1883, appellee and her husband commenced in the circuit court of Crittenden County in chancery a suit against the guardian and J. R. Jenkins, one of said sureties on his bond (omitting therefrom the heirs and administrator of Wallace, the other surety), alleging fraud committed by said guardian in his various settlement accounts, and praying that the accounts be surcharged and corrected, and decree entered against the guardian and said surety for the proper amount due. The guardian, Guerrant, and said surety, Jenkins, both died while the suit was pending and before final decree, and the cause was revived against their respective administrators; and on May 2, 1895, after reference to a master to state the accounts and the filing of his report, a final decree was entered, in accordance with the prayer of the complaint, in favor of the plaintiff against the estate of Guerrant in the sum of $15,581.31, of which the sum of $6,120.99 was also decreed against the estate of the surety, Jenkins.

An appeal to this court from that decree was prosecuted by the administrator of Jenkins, and this court decided that the guardianship ended with the order of the probate court October 14, 1876, revoking the letters; that the order reinstating the same at the next term was void as to the sureties on the bond, and that the liabilities must be fixed according to the amount due by the guardian at that time. This court modified the decree of the chancellor against the surety, and reduced the amount found to be due to the sum of $5,160.05, the amount shown by said guardian to be due his ward by his settlement account filed 1877, without interest. See *Haden* v. *Swepston*, 64 Ark. 477.

Subsequently appellee received from the estate of Guerrant the sum of $2,157.40 on January 23, 1899, and $2,500 from the widow of Jenkins on August 16, 1899, in compromise of all liability of said estate of Jenkins.

The present suit was commenced on August 19, 1899, and the final decree appealed from is for one-half of amount ($5,160.05) of the former decree rendered against the estate of the guardian and other surety.

*W. M. Randolph, George Randolph* and *Wassell Randolph,* for appellants.

Appellee's claim should have been presented under the two years' statute and allowed against the Wallace estate. 64 Ark. 477. The court had no jurisdiction. 48 Ark. 544; 23 Ark. 93; 25 Ark. 108. Parties and privies only are affected by judgments or decrees. 17 Ark. 203; 60 Ark. 369; 153 U. S. 109; 189 U. S. 433; 52 Ark. 350, 499. A judgment against an administrator *ad litem* does not bind any party in interest in the subject-matter not lawfully before the court. 27 Ark. 339; 51 Ark. 83; 56 Ark. 324; 21 Ark. 447; 25 Ark. 114. The decree against Buck as administrator was void as to appellants. Sand. & H. Dig. § § 4190, 5928; 27 Ark. 340; 51 Ark. 83; 56 Ark. 333; 24 Ark. 569; 28 Ark. 253. As to matters of administration, the jurisdiction of the probate court is conclusive. 39 Ark. 575, 727; 34 Ark. 63; 40 Ark. 433; 51 Ark. 361; 50 Ark. 34; 49 Ark. 51. Appellee was guilty of laches. 1 Brandt. Sur. § § 1, 137, 574; 16 Ark. 474; 30 Ark. 66; 33 Ark. 727; 57 Ark. 583; 142; 46 Ark. 25; 64 Ark. 345; 58 Ark. 580; 61 Ark. 527, 575; 70 Ark. 185; 63 Ark. 405. Upon the death of Robt. C. Wallace his real estate went immediately to his heirs at law. 5 Ark. 608; 8 Ark. 46; 27 Ark. 235; 30 Ark. 775; 42 Ark. 25; 46 Ark. 373; 38 Ark. 475; 56 Ark. 470; 71 Ark. 601. If the personal property is sufficient, land cannot be sold for the payment of debts. 63 N. Y. 438; 5 Paige, 254; 74 Ill. 134; 89 Ill. 119; 71 N. C. 66; 85 Ill. 428; 62 Miss. 390; 2 Tenn. Chy. 331; 47 Ark. 222; 5 Ark. 468. The action against the estate of Robt. C. Wallace and his heirs is barred. Sand. & H. Dig. § 4827; 48 Ark. 277; 64 Ark. 345; 6 Ark. 14; 14 Ark. 234; 17 Ark. 533; 51 Ark. 232; 63 Ark. 218; 31 Ark. 229; 53 Ark. 291; 35 Ark. 93; 48 Ark. 262; 63 Ark. 218; 53 Ark. 418; 45 Ark. 495; 49 Ark. 75; 113 U. S. 449; 33 Ark. 658; 39 Ark. 577; 45 Ark. 299. The validity of a guardian's appointment cannot be questioned collaterally. 53 Ark. 42; 51 Ark. 281; 19 Ark. 499; 26 Ark. 421; 32 Ark. 97; 40 Ark. 219; 48 Ark. 261; 52 Ark. 341. The doctrine of estoppel applies to appellee's claim. 14 Ark. 398; 25 Ark. 109; 55 Ark. 29; 57 Ark. 190; 52 Ark. 499; 30 Ark. 198; 51 Ark. 281; 2 Brandt, Sur. § § 521, 576; 80 Pa. St. 167; 18 Ark. 600; 54 Ark. 480; 25 Ark. 108; 53 Ark. 37.

*L. P. Berry, A. B. Shafer,* and *N. W. Norton,* for appellee.

Jurisdiction is in equity only. 32 Ark. 714. The heirs are constructive trustees, 40 Ark. 433; 31 Ark. 229; 15 Ark. 412. There was no cause of action until final settlement of the guardianship. 63 Ark. 218; 37 S. W. 881; 65 Ark. 415; 46 S. W. 937. A release of a surety is no release of a principal. 44 Ark. 349.

McCulloch, J., (after stating the facts.) Appellants among other defenses tendered by their answer, pleaded the statute of limitations.

It has been held in many decisions of this court that the cause of action against the surety on a guardian's bond does not accrue until the amount of the liability is established by an order of the probate court, and an order is made by said court directing the amount to be paid over; and that the statute of limitations does not commence to run against an action on the bond until that time. *Padgett* v. *Norman,* 44 Ark. 490; *Vance* v. *Beattie,* 35 Ark. 93; *Connelly* v. *Weatherly,* 33 Ark. 658; *Norton* v. *Miller,* 25 Ark. 109.

This doctrine is limited, however, so far as the prerequisite of an order to pay over is concerned, to settlements which are not final, and where the guardianship is still left continuing. Where the guardianship relation is closed and ended by the death of the guardian, or the revocation of his letters, or by the coming of age of the ward, and the probate court adjusts the accounts, and establishes the amount due from the guardian, the cause of action accrues at once, if there be some person capable of suing. *Smith* v. *Smithson,* 48 Ark. 261. If there be then no one who can lawfully receive the amount, or sue for its recovery, the cause of action is postponed, and limitation does not begin to run until there is some one capable of suing. *Hanf* v. *Whittington,* 42 Ark. 491.

The order of the probate court rendered on October 14, 1876, revoking the letters of the guardian, John W. Guerrant, terminated the guardianship. The order made at the next succeeding term of the court, attempting to reinstate him as guardian, was ineffectual for the purpose, as far as the sureties on his bond are concerned. *Haden* v. *Swepston,* 64 Ark. 477.

The guardian then filed his settlement account, and the court subsequently examined and confirmed it, thus establishing the amount due from the guardian to his ward, and the right of action to recover the amount accrued at that time. But appellee was then a minor, incapable of asserting her rights, and no other guardian was appointed to receive the money for her. Therefore she was not barred of her action before she came of full age. The bond being a sealed instrument, under the statute then in force the period of limitation was ten years from the accrual of the right thereon (Mansf. Dig. § 4484); and, under Mansf. Dig. § 4489, which was then in force, prescribing the period of limitations as against persons under disability, the action could have been brought within the above-named period after the removal of disability; i. e. the coming of age of the ward.

Appellee attained her age of majority June 9, 1882, more than seventeen years before she commenced this suit. If it were held that the statute of limitations was not put in motion by the order of the probate court in 1877, establishing the amount due from the guardian, there is another point, more than ten years before the commencement of this suit, from which it would have begun to run. The guardian, having continued to act as such, notwithstanding his removal by the court, filed his final settlement account on July 10, 1883, and the same was confirmed at the next term of the probate court, and an order was made on him to pay over the amount found to be in his hands to appellee. This would also have formed a point from which the statute would begin to run, even if it had not then been in motion. The statute having once been set in motion, its operation was not arrested, as to the estate and heirs of the deceased surety, Robt. C. Wallace, by the commencement and pendency of the action against Guerrant, the guardian, and Jenkins, the other surety, to surcharge and falsify the accounts of the guardian.

The assumption of jurisdiction by a court of equity in a suit to correct fraud and mistakes in the accounts of administrators and guardians does not lift the estates out of the probate court where they are still pending, and where the exclusive jurisdiction to administer is lodged by the Constitution. The estates are still

pending in the probate court for all purposes, subject only to the jurisdiction of the court of equity to purge the accounts of fraud and mistakes. *Hankins* v. *Layne,* 48 Ark. 544.

The orders of the probate court establishing the amount due from the guardian and the order rendered in October, 1883, directing him to pay over the funds, remained in full force, notwithstanding the suit against the guardian, and, as to all persons not made parties to that suit, the statute of limitations upon the cause of action matured by those orders of the probate court continued to run. It has been held by this court that the pendency of another suit, even between the same parties, does not prevent the statute bar from attaching as to a new action where the plaintiff has not suffered nonsuit or arrest of judgment in accordance with the terms of the statute. *Hill* v. *Pipkins,* 72 Ark. 549. It is the opinion of this court, therefore, that appellee's cause of action is barred by the statute of limitation.

It is established by the decisions of this court that "a creditor can proceed in equity against the heirs who have received the ancestor's estate for satisfaction of his claim which has accrued after the lapse of the time limited for authenticating it against the administrator, or after the close of his administration." *Hall* v. *Brewer,* 40 Ark. 433; *Hendricks* v. *Keesee,* 32 Ark. 714; *Byrd* v. *Belding,* 18 Ark. 118; *Bennett* v. *Dawson,* 15 Ark. 412. But suits of that kind are not to be encouraged when not brought in apt time. According to the plainest principles of equity, the appellee, in addition to the bar of the statute of limitation, is barred of recovery against appellants on account of her laches in not commencing her suit at an earlier date. A recital of the facts of this case demonstrates, without argument, the justice of that doctrine. When the suit was commenced, the surety whose estate is sought to be subjected to the payment of the amount due from the guardian had been dead twenty-four years, and administration, whereby a valuable estate was wound up, had been closed for nearly ten years; some of his heirs had parted with their inheritance, and two of them had died; the principal in the bond, the guardian, had been dead for some years. It is no excuse to say that a suit had been brought within the period of limitation against the guardian and another surety on his bond, without proceeding against the appellants or impleading them in

any suit. At the end of that litigation appellee was adjudged the right to recover no more, as against the sureties, than the probate court had held to be due twenty years before. After this long lapse of time and the changes in the status of the parties, it seems to us to be inequitable to permit appellee to disturb the heirs of the deceased surety on her guardian's bond by subjecting the property inherited by them to the payment of a liability established so long ago.

We think, therefore, that the learned chancellor erred in not dismissing the complaint for want of equity, and the cause is reversed and remanded with directions to enter such a decree.