WEBB *v.* SPANN.

Opinion delivered February 26, 1923.

1. APPEAL AND ERROR—FINDINGS OF TRIAL COURT.—Findings of the trial court sitting as a jury must be accepted on appeal if the testimony is legally sufficient to support them.

2. LIMITATION OF ACTIONS—EFFECT OF PENDENCY OF ANOTHER SUIT. —Where a suit to recover land and quiet title was begun within seven years after defendants took possession of plaintiff's land, its pendency would prevent the running of the statute of limitations as against it, but would not prevent the statute from running against an action of ejectment where there was no connection between the two suits, and no nonsuit had been filed in the first suit.

3. LIMITATION OF ACTIONS—AGREEMENT TOLLING LIMITATIONS.— Where, after a suit to quiet title was begun, the parties agreed to let the ownership abide the decision of the Department of the Interior, the agreement operated to prevent the running of the statute of limitations till the decision of the Interior Department was made, and plaintiff's action brought within time thereafter was not barred.

4. EJECTMENT—PLAINTIFF'S POSSESSION UNDER COLOR OF TITLE.— Plaintiff, having possession of land under color of title, can maintain ejectment against mere trespassers.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy,* Judge; affirmed.

*T. J. Crowder,* for appellants.

*J. T. Coston,* for appellee.

1. Prior possession, with or without color of title, is sufficient to sustain a judgment against a mere trespasser. 199 S. W. 119; 62 Ark. 56.

2. Appellants are in no position to plead the statute of limitations (1) because of the pendency of the suit against them in chancery, and (2) because they agreed to vacate the premises in case the Department of the Interior decided adversely to them. However, appellee really owned the land in controversy, as was demonstrated to the lower court from a map which has not been brought into the record here. It must be presumed that the trial court was correct in its finding. 30 Pac. 1089; 8 Ark. 436; 1 Peters, 23; 28 N. E. 747; 20 S. W. 539; 38 Ark. 481; 58 Ark. 135; 34 Ark. 313.

SMITH, J. Appellee brought separate suits in ejectment against appellants, to recover certain parcels of land situated in section 22, township 14 north, range 12 east. The cases are identical, and were tried together and disposed of as a single case. The court made findings of fact, on all the issues raised, in appellee's favor, and the recital of these findings will explain and state the case. They were as follows:

"1. That the defendants are living upon and occupying land in the W½ of section 24, township 14, range 12 east, and have been occupying and claiming the same since the year 1911, without color of title thereto.

"2. That the lands occupied by them are situated within the meander line of what is known as Hudgens Lake.

"3. That the plaintiff had color of title to and was claiming, clearing up and had actual possession of the lands occupied by the defendants at the time of and prior to the occupancy of the defendants.

"4. That after the defendants took possession of said lands, and within seven years, the plaintiff commenced an action in the chancery court of the Osceola. District of Mississippi County, Arkansas, against them to recover said land from them and quiet his title thereto, which action is still pending and undetermined.

"5. That after said action was commenced by the plaintiff in the chancery court, and within seven years

after defendant took possession of said lands, the plaintiff and defendants entered into an agreement, whereby plaintiff and defendants agreed to let the ownership of the land abide the decision of the Department of the Interior, the defendants agreeing, in case the Department of the Interior decided in favor of the riparian owners, to vacate said lands immediately.

"6.   That the Department of the Interior decided, in the year 1920, that there was no error in the original survey of Hudgens Lake and, including the lands claimed and occupied by the defendants, belonged to and were owned by the riparian owners, including the plaintiff."

Inasmuch as the case was heard by the court sitting as a jury, these findings must be accepted if the testimony is legally sufficient to support them, when given its highest probative value in appellee's favor, and we think it is sufficient for that purpose.

It is undisputed that appellants were squatters, who entered upon and occupied the land on the theory that it was government land and did not belong to the riparian owners.   At the time of their entry it was insisted by them that the government survey was in error in showing the land which they entered upon to be a lake; and the Government Land Office was induced to verify this survey.   A finding was made by the Department that no error had been made in the original survey.   The Department of the Interior reviewed this finding, and affirmed it.   The effect of that action was, of course, to conclusively determine the fact that at the time of the government survey the land in litigation was a lake, and was therefore owned by the riparian proprietors.

It is insisted by appellee that if the lake bed was apportioned among the riparian proprietors in accordance with the rules for such apportionment, the land in litigation would fall within the boundaries of appellee's land; but the court made no finding to that effect—the finding being merely that the lands covered by Hudgens Lake were owned by the riparian owners, including ap-

pellee—and we do not feel called upon to attempt to determine whether the land would fall to appellee in this apportionment. Indeed, the determination of that question would involve the validity of appellee's title as a riparian owner—a question which we do not decide, as the case must be affirmed upon other grounds.

Appellee had color of title to the land in litigation; and we think the testimony shows he had actual possession thereof at the time appellants entered; in fact, he had cleared about one hundred acres of land in the south half of the section, and had it about ready for the plow when appellants entered upon it.

It is undisputed that, after appellants took possession of the land, and within seven years, appellee commenced an action in the chancery court to recover the land from them and to quiet appellee's title thereto; and this action is pending and undetermined. This was the court's fourth finding of fact, and it is insisted that it is conclusive of the case.

We think, however, this fact is not of controlling importance, and would not operate to prevent the running of the statute of limitations against this suit, considered by itself; and, while the pendency of that suit would prevent the running of the statute of limitations against it, its pendency would not prevent the running of the statute of limitations against this one, as there was no connection between the two cases, and no nonsuit had been filed in the first one. Such is the effect of the holding of this court in the case of *Hill* v. *Pipkin,* 72 Ark. 549, and *Wallace* v. *Swepston,* 74 Ark. 520.

In 25 Cyc. p. 1290, it is said: "The defense of the bar of the statute of limitations applies strictly to the particular action to which it is pleaded, and hence if that suit be not brought within the statutory period, the bar of the statute cannot be avoided by showing that another action had been brought by plaintiff against defendant on the same cause of action within the period limited by the statute." Numerous cases are cited in support of the

text quoted, including the two cases from this court mentioned above. See also 2 Wood on Limitations (4th ed.) p. 1197; 8 C. J., sec. 166.

The fifth finding of fact is, however, decisive of the question of limitation; and we think there was testimony legally sufficient to support that finding. Appellee testified that, after the suit in chancery had been brought, he discussed the suit with appellants, who insisted that they made no claim to the land except that it was government land and was subject to entry for homestead purposes, and appellee stated to them that, if the land was government land, he had no claim to it, and was willing for appellants to perfect their homestead claims, and with this understanding, and because of it, he did not press the suit until the character of the land had been finally determined by the Federal Government. This finding of the Department of the Interior was made on December 18, 1920; but appellants refused to vacate, and thereafter these suits were brought in the spring of 1921.

We think this agreement—which the court found the parties had made—operated to prevent the running of the statute of limitations until the character of the land had been determined by the Department of the Interior; and, with the period of time covered by this agreement excluded, the statute of limitations could not have run against this suit. *Shirey* v. *Whitlow,* 80 Ark. 444; *Hudson* v. *Stilwell,* 80 Ark. 575.

Appellee had possession under color of title. He was therefore entitled, as against appellants (who, under the facts of this record, were mere trespassers), to maintain this suit. *Cotton* v. *White,* 131 Ark. 273. The judgment of the court below is therefore affirmed.