Cox Investment Company *v.* Major Stave Company.

Opinion delivered April 23, 1917.

PLEADING AND PRACTICE—OBJECTION TO JURISDICTION—NOT WAIVED WHEN.—A defendant does not waive its objection to the jurisdiction of the court over it, where in an action against it, it objects on the threshold to the jurisdiction of the court, and maintains its objection in every pleading it may thereafter file in the case.

Appeal from Polk Circuit Court; *Minor Pipkin,* Special Judge; affirmed.

*J. I. Alley,* for appellant.

The appellee entered its appearance (1) by filing affidavit and bond for appeal; (2) by filing an answer and (3) by cross-examining witnesses. 122 Ark. 278; 85 *Id.* 431; 87 *Id.* 230; 29 *Id.* 85; 95 *Id.* 302; 90 *Id.* 316; Kirby's Digest, § 4666.

*A. D. Dulaney,* for appellee.

Defendant only entered its appearance *specially* and not for all purposes or generally. The cases cited are

not in point, but this case is ruled by 77 Ark. 412; 85 *Id.* 236.

Humphreys, J. Appellant instituted this suit against appellee before S. H. Smith, a magistrate, in Center township, Polk County, on June 13, 1916, to recover $90 on an account for sixty thousand staves, property claimed by appellant and alleged to have been wrongfully purchased from Jones & Lovett and appropriated to the use of appellee.

An attempt was made to serve appellee under Act 98 of the Acts of Arkansas, 1909.

Appellee appeared for the sole purpose of filing the following motion to quash the summons, towit:

"Comes the defendant in this cause, and appears solely for the purpose of this motion, and for no other purpose, and moves the court to quash the service of summons upon the defendant herein, and for causes states: That the defendant is a corporation organized under the laws of the State of Arkansas, with its domicile and principal place of business in Ashdown, Little River County, Arkansas, and has no principal office, branch office or place of business in Polk County, Arkansas, and its chief officer does not reside in Polk County, Arkansas; and that it does not maintain a branch office or other place of business, or any employee in charge of any office or place of business or other place of business in Polk County, Arkansas, and did not so maintain any such office or place of business as aforesaid in Polk County, Arkansas, at the time of the filing of this suit, or the service of the pretended summons herein, or since that time.

"Further states that the summons, as shown by the return thereof in this cause, was served upon W. H. Conger, who is simply one of the field men or traveling employees of this defendant, and not such a person that service may be had upon as against this defendant in this cause in said county.

"Wherefore, premises considered, prays that the service of summons be quashed herein and this cause dismissed."

Upon hearing, the motion was overruled and appellee filed its answer to the merits, reserving in the answer its rights under the motion to quash service in the following language, towit: "Comes the defendant (referring to appellee) and without waiving its motion to quash service herein, or any of its rights thereunder, but renewing and insisting upon the same, for its answer states. * * *"

A. D. Dulaney, attorney for appellee, cross-examined witnesses introduced in behalf of appellant who testified in regard to the merits of the cause.

A judgment was rendered by the magistrate in favor of appellant against appellee for $60, whereupon appellee immediately filed its affidavit and bond for an appeal from said judgment to the circuit court of Polk County.

The transcript of the proceedings before the magistrate was filed in the circuit court, and on the 17th day of the October, 1916, term thereof the court heard and sustained appellant's motion to quash the service.

Proper proceedings were had, and the cause is here on appeal.

It is insisted that appellee entered its appearance:

First, by filing an affidavit and bond for an appeal from the judgment of the magistrate.

Second, by filing an answer in the magistrate's court, joining issue on the merits of the cause.

Third, by a cross-examination of the witnesses on the trial upon the merits in the magistrate's court.

In support of appellant's contention, the following cases are cited: *Harrison* v. *Trader,* 29 Ark. 85; *Holloway* v. *Holloway,* 85 Ark. 431; *Carden* v. *Bailey,* 87 Ark. 230; *Dunbar* v. *Bell,* 90 Ark. 316; *Foohs* v. *Bilby,* 95 Ark. 302; *Bixler* v. *Taylor,* 122 Ark. 278. None of the cases are in point.

The case at bar is ruled by *Spratley v. Louisiana & Ark. Ry.*, 77 Ark. 412. It was said by the court in that case, ''There is no doubt but that where a party who has not been served with summons, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance. But this rule of practice does not apply in cases where the party on the threshold objects to the jurisdiction of his person and maintains his objection in every pleading he may thereafter file in the case. Where he thus preserves his protest he can not be said to have waived his objection to the jurisdiction of his person.''

In the instant case, only two pleadings were filed by appellee. These were its motion to quash service, and the answer. In the motion to quash service, the pleading filed at the threshold, appellee objected to the jurisdiction of his person. In the answer filed by it, the protest was preserved.

The rule laid down in *Spratley v. La. & Ark. Ry. Co., supra*, was reaffirmed in the case of *C., R. I. & P. Ry. Co. v. Jaber*, 85 Ark. 232.

This being the only question presented, the judgment of the circuit court was correct and is affirmed.