Goodyear Tire & Rubber Company *v.* Meyer.

4-7758                           191 S. W. 2d 826

Opinion delivered November 26, 1945.

Rehearing denied February 4, 1946.

*A. R. Cooper,* for appellant.

*Maurice L. Reinberger,* for appellee.

384

HOLT, J.   Appellant, on July 23, 1942, filed its verified complaint in which it alleged, omitting formal parts, "the defendant is justly indebted to the plaintiff in the sum of $1,440.87, with interest thereon at six per centum per annum from March 1, 1933, until paid, upon a certain judgment entered in the Jefferson circuit court within and for Jefferson county, Arkansas, on June 8, 1934, in the said sum, the principal of said judgment, and the interest thereon to August 1, 1942, in the sum of $813.89, with the expended costs of the said suit, in the sum of $26.90, aggregate principal, interest and costs, the sum of $2,281.66.

"That on or about June 19, 1935, an execution of *fieri facias* directed to the county in which the judgment was rendered, to-wit: to the sheriff of Jefferson county, Arkansas, was returned by the proper officer, to-wit: the said sheriff of Jefferson county, Arkansas, in substance, no property found to satisfy the same. Plaintiff institutes this action, by equitable proceedings, for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the said judgment. Plaintiff further alleges that divers and certain persons are indebted to the defendant in execution, or holding money or property in which he has an interest, or holds the evidences or securities for the same; that the defendant has property subject to the payment of his debts, but that its kind, description, and manner of holding are concealed from and unknown to the complainant, and to reach which and subject it to the judgment of the plaintiff, discovery is necessary.

"Wherefore, the plaintiff prays the court to enforce the payment of its judgment, for a discovery of all property to which the defendant in execution is entitled, that the court enforce the surrender of the money or security therefor, or of any other property of the defendant in execution, that the court subject the same to the satisfaction of the judgment of the plaintiff, that the court appoint a receiver to take possession of the defendant's property, sell and dispose of the same, and apply the pro-

ceeds to the satisfaction of the judgment of the plaintiff, and for the costs of this action, and any and all further relief.''

On the same date, appellant filed a *lis pendens*. February 9, 1945, appellee, Gabe Meyer, filed what he termed ''Demurrer'' as follows: ''Comes Gabe Meyer, defendant herein, and would respectfully show to the court that he never had any notice of the above suit having been filed, never having been served with summons, and enters his appearance herein solely for the purpose of demurring to the above styled cause and states: That the complaint on its face shows that the judgment rendered in the Jefferson circuit court in the case of the Goodyear Tire & Rubber Company, a Delaware Corporation, versus Gabe Meyer is barred by the statute of limitations, and for that reason plaintiff would not have cause of action in the above styled suit. Wherefore, defendant prays that said demurrer be sustained.''

February 23, 1945, appellant filed ''motion to strike demurrer'' and a ''motion to make (demurrer) more specific,'' and thereafter on March 6, 1945, both motions were overruled. On the same date, March 6, appellant filed ''motion to require defendant to file verified schedule of assets or property.''

Other pleadings were filed by appellant, but become immaterial in view of the disposition we make of this case.

April 23, 1945, the cause was submitted to the court, (quoting from the decree) ''upon the complaint in equity of the plaintiff, the *lis pendens* filed for record 23rd day of July, 1942, the demurrer of the defendant, plaintiff's motion to strike demurrer, plaintiff's motion to make more specific, and plaintiff's motion to require defendant to file verified schedule of assets, or property, and admission of plaintiff that summons had not been delivered to the sheriff of Jefferson county, Arkansas, since filing of suit; and after argument of counsel for the respective parties, it appearing to the court that defendant's demurrer should be treated as a motion to dismiss because he has never had any notice of the suit having been filed,

had never been served with summons, and plaintiff's motion to require defendant to file verified schedule of assets, or property, having been presented to and called to the attention of the court, the court declined to entertain plaintiff's said motion, and refuses to rule thereon; but doth sustain defendant's demurrer, treating the same as a.motion to dismiss as aforesaid.

"It is, therefore, by the court-considered, ordered and adjudged that defendant's demurrer be and the same is hereby treated as a motion to dismiss for the lack of any notice on the part of the defendant of the filing of suit, and lack of any service of summons, and the prayers thereof, and each of the same, be and the same are hereby in all particulars sustained and granted; and the plaintiff's complaint herein be and the same is hereby dismissed with prejudice, and the pliantiff take nothing thereby. It is the further order of the court that it declines to entertain plaintiff's motion to require defendant to file verified schedule of assets or property, and refuses to rule upon the same, for the reason that plaintiff's complaint should be dismissed."

This appeal followed.

It is undisputed that no summons in the present suit was ever placed in the hands of the sheriff for service on appellee or that he was ever served.

Appellant argues, however, that this suit was filed under the provisions of § 5378 of Pope's Digest, is a proceeding in the nature of a bill of discovery, in equity, for the purpose of enforcing a previous judgment rendered June 8, 1934, in the Jefferson circuit court in appellant's favor, and for that reason no issuance of summons for appellee, the judgment debtor, was necessary. We cannot agree with appellant's contention. Section 5378, *supra,* on which appellant based his complaint contains, among others, this provision: "The plaintiff in the execution may institute an action, by equitable proceedings, in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, . . ."

We think it clear that this provision of the statute contemplates the institution of a new cause of action against a judgment debtor.

Section 1251 of Pope's Digest provides: "A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon."

The rule is well established that the only manner in which a civil action may be commenced is by filing a complaint in a proper court, causing summons to be issued and placing the summons in the hands of the sheriff to be served. The mere issuance of the summons is not sufficient. The delivery of the summons to the proper officer for service is essential and no action is commenced until this is done.

In *Sims* v. *Miller,* 151 Ark. 377, 236 S. W. 828, this court said: "Our statute provides that the commencement of a civil action is the 'filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon.' Crawford & Moses' Digest, § 1049. (Now § 1251 of Pope's Digest.) The delivery of the writ to an officer is an essential part of the issuance of the writ, and until this is done an action is not properly commenced. *Hallum* v. *Dickinson,* 47 Ark. 120, 14 S. W. 477," and in the comparatively recent case of *Swartz* v. *Drinker,* 192 Ark. 198, 90 S. W. 2d 483, we held (Headnote 1): "An action is commenced against a resident when a complaint is filed and summons is issued and placed in the sheriff's hands for service, as provided by Crawford & Moses' Dig., § 1049."

As above noted, it was conceded that no summons in the present case was ever placed in the hands of the sheriff for service upon appellee and since there has never been any service on appellee, the trial court was without jurisdiction over appellee and properly dismissed appellant's complaint.

Nor do we think, as appellant insists, that appellee by filing "demurrer" entered his appearance generally and waived service of summons. The court correctly

treated this demurrer as a motion to dismiss. "A pleading is treated according to what its substance shows it to be, regardless of what it is called; under the code they are to be liberally construed, and every reasonable intendment is indulged on behalf of the pleader." *Geyer* v. *Western Union Telegraph Company,* 192 Ark. 578, 93 S. W. 2d 660 (Headnote 1).

At the very threshold of this suit, in the only pleading which appellee filed, he alleged that he "had never had any notice of the above suit having been filed, never having been served with summons," and entered his appearance "solely for the purpose of demurring," or for the purpose of moving to dismiss appellant's complaint. Having thus preserved his protest, he cannot be held to have waived his objection to the jurisdiction of his person, or to have entered his appearance.

In the case of *Spratley* v. *Louisiana & Arkansas Railway Company,* 77 Ark. 412, 95 S. W. 776, this court said: "There is no doubt but that where a party, who has not been served with summons, answers, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance. But this rule of practice does not apply in cases where the party on the threshold objects to the jurisdiction of his person, and maintains his objection in every pleading he may thereafter file in the case. Where he thus preserves his protest, he can not be said to have waived his objection to the jurisdiction of his person." This holding was reaffirmed in the case of *Cox Investment Company* v. *Major Stave Company,* 128 Ark. 321, 194 S. W. 701, and *Robinson* v. *Bossinger,* 195 Ark. 445, 112 S. W. 2d 637.

Appellant's contention that the filing of a *lis pendens* took the place of a summons is untenable for the reason that a *lis pendens* becomes effective and operates only when a complaint is filed and a summons issued thereon. In *Burleson* v. *McDermott,* 57 Ark. 229, 21 S. W. 222, this court said: "Under our statutes a *lis pendens,* as to third persons as well as the parties, begins when a

complaint is filed and a summons is issued thereon. Mansfield's Digest, § 4967'' (now § 1251, Pope's Digest).

In view of what we have said above, we find it unnecessary to consider other points raised by appellant.

The decree is affirmed.