Young *v.* Garrett.

4-8290                                    208 S. W. 2d 189

Opinion delivered January 19, 1948.

Rehearing denied March 1, 1948.

694

C. E. Wright, James H. Nobles, Jr., Henry B. Whitley, J. R. Wilson, DuVal L. Purkins and E. B. Kimpel, Jr., for appellant.

C. W. McKay, W. D. McKay, J. E. Gaughan, Forrest M. Darrough, R. H. Wills and J. P. Greve, for appellee.

GRIFFIN SMITH, Chief Justice. Suits to which this appeal is related were brought in the District Court of the United States for the Western District of Arkansas, at El Dorado. Separate actions were by Horace A. Young upon the one hand, and by Betty Jean Gilbert and others, against Levi Garrett and others.[1] Ejectment was sought, together with an accounting and compensation for rentals, timber removed, minerals—particularly oil—and incidentals. Interests alleged were 1/54th and 5/54ths of an undivided 308 acres in Columbia County.[2]

Rights asserted in the chancery suit are barred unless it can be said that pendency of some phase of the actions entitled *Young* v. *Garrett et als.*, and *Gilbert* v. *Garrett et als.*, prevents limitation. Appellants say they are saved by § 8947 of Pope's Digest. It provides that where an action is begun in a timely manner and the plaintiff suffers a nonsuit, or if a plaintiff's verdict is delayed by arrest of judgment, or if, after judgment, there is a reversal, " . . . such plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed".[3]

*Young* v. *Garrett* and *Gilbert* v. *Garrett* were dismissed for want of indispensable parties. Federal Rules Decisions, v. 3, p. 193. Separate appeals were taken.

---

[1] Preceding, suits had been filed by *Gilbert et als.* v. *Elam et als.*

[2] It was alleged that the proceedings were under authority of Act 334, approved March 26, 1941.

[3] Section 8947 is: "If any action shall be commenced within the time respectively described in this act, and the plaintiff therein suffer a nonsuit, or after a verdict for him the judgment be arrested, or after judgment for him the same be reversed on appeal or writ of error, such plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed. . . ."

In a decision dated May 9, 1945, the two appeals were covered in a single opinion by the Circuit Court of Appeals, and affirmed. Rehearing was denied August 8, 1945. Accompanying the petition for rehearing was a prayer that the causes be remanded to permit the District Court to consider amendments which, in the opinion of the losing parties, would meet the objections urged as to jurisdiction by showing an appropriate alignment. The appellate court held that it was without power to allow the amendment, but in denying a rehearing the cause was remanded with directions to permit the appellants to apply for leave to amend "for the purpose of stating jurisdiction, if possible, . . . provided that such application be made within a reasonable time and not later than October 1, 1945". The opinion (but not the order accompanying remand) is found in 149 F. 2d 223. For a detailed review of the litigation see *Young* v. *Garrett, etc.,* 5 F. R. D. 117. There, in a thoroughly considered opinion, the matters at issue were treated in a comprehensive manner and leave to amend was denied.

It is disclosed that motions were filed September 24, 1945. There were amended and substituted complaints. The defendants objected on the ground (1) that the court was without power to grant the relief without vacating or modifying its former judgment of dismissal, and this it could not do; (2) indispensable parties had been omitted, and inclusion of them would destroy diversity of citizenship—the sole ground of federal jurisdiction; (3) the actions were barred by the applicable state statute of limitation, and (4) facts and circumstances did not warrant exercise of the court's discretion even if it existed.

A significant expression in Judge Miller's opinion appears at page 120 of the Fifth Federal Rules Decisions:—"Assuming that the appellate court had power to remand the cases without reversing the judgments of the trial court, the [District] court construes the order of remand as a direction to consider and determine the law on all questions involved in the motions with no expression of opinion of the appellate court as to what

action should be taken by this court, but that if the motions should be granted and further proceedings had, that such should not be inconsistent with the expressed opinion of that court".

Subdivision [3] of the opinion discusses the trial court's right to grant the motions. In holding that the power did not exist, attention was directed to the fact that the Circuit Court of Appeals specifically denied the petition for rehearing, thus leaving the District Court's judgments intact. The motions for leave to amend, said Judge Miller, were filed more than two years after September 14, 1943, when the District Court dismissed. Claims sought to be asserted by the new proceeding were included in the former actions.[4] Following dismissal, the plaintiffs did not attempt to amend, preferring to rely upon their assertions that the court had jurisdiction. Hence, said the opinion, "to permit an amendment now, it would be necessary for this Court to modify the judgments appealed from and affirmed". After listing cases supporting the conclusion announced, it was said:

"The authorities . . . definitely establish that a District Court is wholly without power to vacate or modify a judgment after the expiration of six months from rendition, and under the Rules of Federal Procedure, such authority cannot be conferred." After mentioning various Rules under which relief could be granted in circumstances to which they applied, the opinion continues with the statement that there were no reservations in the judgments rendered by the District Court September 14, 1943—"nothing remained for the Court to do. . . . None of the Rules of Federal Civil Procedure purport to give the District Court power to modify or set aside or take any other action that would be tantamount to vacating a final judgment after the expiration of six months". Following these conclusions there was the additional finding that merits of the controversies did not justify a reopening.

---

[4] Amounts demanded were reduced in an effort to bridge jurisdictional impediments.

· On September 19th, 1946, there was filed in Columbia Chancery Court an action similar in purpose to those brought in Federal Court. The Chancellor, May 2, 1947, found that on March 12, 1947, the plaintiff had filed a pleading admitting there were other actions pending in the Court of Appeals involving the same causes and the same parties. A demurrer was sustained on the ground that more than a year had intervened between August 8, 1945—final judgment of the Court of Appeals—and September 19, 1946, when the instant suit was brought.

The Young-Garrett order of dismissal heretofore referred to (5 F. R. D. 117) was appealed. February 25, 1947, Judge Miller's actions were affirmed. *Young* v. *Garrett,* etc., 159 F. 2d 634. Appellants contend, in effect, that the concluding paragraph of the opinion of affirmance reflects a purpose by the Court of Appeals to treat the cases as pending until final District Court action, and this did not occur until February 25, 1947. Referring to cases it had considered, the Circuit Court said: "In view of the circumstances [of the causes dealt with by Judge Miller] the Court did not abuse its discretion in denying leave to plaintiffs to file their tendered amended and substituted complaints".

Judge Seth Thomas, who wrote the appellate court's opinion, mentioned Judge Miller's finding that because of the lapse of time between dismissal in 1943 and the tendered amendments in September 1945, the District Court, under Rule 60(b) of the Federal Rules of Civil Procedure, was without power to permit the amendments to be filed. Relief from a judgment under this Rule is limited to instances where the judgment, order, or proceeding taken against the petitioner has been through his mistake, inadvertence, surprise, or excusable neglect. The trial court, said Judge Thomas, would have been justified in believing that the erroneous alignment of parties was the result of "mistake" or "inadvertence". If due to either, Rule 60(b) might be invoked. But, says the opinion, the District Court held that the plaintiffs waived the right to file the tendered amendment and substituted complaint, and " . . . This situation pre-

sents the question whether the Court as a matter of law erred in so holding''. The old demurrer has, said the appellate Court (under the new rules) been superseded in applicable cases by the motion to dismiss; and, since under the former practice the right to amend was waived by a plaintiff who elected to stand upon his complaint and to appeal from an order of dismissal, then by analogy the same result attended when a plaintiff appealed from the trial Court's action in sustaining a motion to dismiss.

Under this construction of the Rule—a construction we must accept in view of the affirmance without a finding that the District Court was in error on any point advanced—the problem presented is whether (as appellants contend) the statute of limitation was tolled not only during the period of appeal from the order of September 14, 1943, but during the time that ran after the decision of August 8, 1945.

Rule 60(b) affirmatively provides that the motion it authorizes '' . . . does not affect the finality of a judgment or supersede its operation''. U. S. C. A., Title 28, § 723c, p. 727; Federal Rules Decisions, v. 1, ''Text of Rules''.

The expression ''toll the statute of limitations'', as appellants seek to construe and apply it, is inexact. Our nonsuit statute is an independent Act. It does not supplement any existing limitation laws. It authorizes *a new action,* to be brought within a year when conditions giving rise to its application exist. The words ''new action'' are used twice. The right created was unknown to the common law; and, being a period of grace intended for the protection of those who through conditions beyond the expectation of reasonable minds were faced with irreparable loss, it was thought best as a matter of sound public policy to say that after the original right to act within a fixed period had expired, the mistake would be treated as though failure to proceed in a way free from error was not without extenuation, hence justice—and that fine sense of social balance we call equity—warranted a privilege that the defeated party might begin anew. If, within a year, advantage were taken of the

new right so created, the cause would proceed independently of the original bar.

But wording of the Act does not justify belief that it was the legislative purpose to so liberalize this gratuity that irrespective of adverse judicial decisions in a given case that the controversy in that jurisdiction had been terminated, a period of one year would yet remain while courts were reaffirming what had already been explicitly held.

When the Court of Appeals refused to grant a rehearing and affirmed Judge Miller's order of dismissal, it appears to have attempted to confer upon the trial court a power subsequently found to be non-existent. That is the effect of Judge Miller's holding, and on appeal for the second time in these cases he was not reversed. So, in effect, rights of the parties to maintain their suits in Federal Court were settled by the appellate court August 8, 1945, and under Rule 60(b) the judgment was a finality. If treated as a nonsuit—an issue we do not decide—more than a year elapsed before the Chancery suit was filed in September of the following year.

We need not discuss appellees' assertion that a suit filed in a state court while the same cause pends in Federal Court does not come within the nonsuit statute and take its place as a matter of course as a new suit properly brought under § 8947 of the Digest. The argument rests upon an analysis of the statute, which by its terms indicates that the right does not come into existence until a nonsuit has been taken, and in the new proceeding the fact that there was a nonsuit has been alleged by appropriate pleadings. The conclusions we have reached obviate a discussion of that and other questions raised by the appeal.[5]

Affirmed.

[5] For convenience the Federal Court cases are shown collectively: *Young* v. *Garrett et al.* and *Gilbert et al.* v. *Garrett*, 3 F. R. D. 193 (Sept. 14, 1943) ; *Young* v. *Garrett et al.* and *Gilbert* v. *Garrett et al.*, 149 Fed. 2d 233 (May 9, 1945) ; *Young* v. *Garrett et al.* and *Gilbert* v. *Garrett et al.*, 5 F. R. D. 117 (Feb. 28, 1946) ; *Young* v. *Garrett et al.* and *Gilbert et al.* v. *Garrett et al.*, 159 Fed. 2d 634.