WHEELER *v.* WALLINGSFORD.

5-1654                                    317 S. W. 2d 153

Opinion delivered October 27, 1958.

[Rehearing denied November 24, 1958]

*Shackleford & Shackleford,* for appellant.

*Brown & Compton, Gilliam & Mayfield* and *McKay, Anderson, Crumpler,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Wheeler, filed suit in the Pulaski Circuit Court on February 2, 1954, against appellee, Wallingsford, a resident of Union County, and others, for a debt accruing February 16, 1949. The summons issued for Wallingsford was directed to the Sheriff of Union County. The trial court overruled a motion to quash service. On a petition to this court for a writ of prohibition, it was held, in the decision handed down on February 7, 1955, that the action was transitory and that the service of summons in Union County was invalid. *Barr* v. *Cockrill,* 224 Ark. 570, 275 S. W. 2d 6.

About six months later, on August 18, 1955, Wheeler took a nonsuit in the Pulaski Circuit Court, and on August 9, 1956, a little less than a year thereafter, he filed a new suit against appellee in Union County. Appellee pleaded the statute of limitations as a defense to that action. It is conceded that the alleged debt on which Wheeler based his cause of action accrued on Feb-

ruary 16, 1949. It was barred by the statute of limitations when the present suit was filed on August 9, 1956, unless the time in which a new suit could be filed was extended by Ark. Stat. § 37-222, which gives the plaintiff a year in which to commence a new action after suffering a nonsuit. In the present action the trial court held that the one year period in which a new suit could be filed began to run on February 7, 1955, when the decision of the Supreme Court became final, wherein it was held that the summons served in Union County was invalid in the action that had been filed in Pulaski County.

Appellant contends that the one year period in which he could file a new suit after a nonsuit had been suffered, should date from August, 1955, when he was actually granted a nonsuit by the Pulaski Circuit Court. The question is: Just when did appellant suffer a nonsuit in the action filed in the Pulaski Circuit Court? We think the one year period began to run when this court held invalid the summons issued by the Pulaski Circuit Court and directed to the Union County Sheriff. When the Supreme Court reached the decision that the summons was invalid, the plaintiff's action in Pulaski County came to an end. There was no possible way the summons issued theretofore could be served that would bring the defendant into court. The summons issued by the Pulaski Circuit Court was directed to the Sheriff of Union County; the action was transitory; there were no codefendants that would hold the case in the Pulaski court. Before the defendant could be brought into court he would have to be served in Pulaski County; the Sheriff of Union County had no authority to serve him in Pulaski County. Of course, a new summons could have been issued directed to the Pulaski County Sheriff, but appellant concedes that if such procedure had been adopted, even if the defendant could have been served in Pulaski County, the action would have been barred by the five year statute of limitations because the summons would have been placed in the hands of the sheriff more than five years after the cause of action accrued,

and the time would not have been extended by a nonsuit. An action is commenced when the complaint is filed and the summons is placed in the hands of the sheriff. *Goodyear Tire & Rubber Co.* v. *Meyer,* 209 Ark. 383, 191 S. W. 2d 826. No other conclusion can be reached than that the plaintiff's case came to a complete and final end in Pulaski County when this court granted prohibition, and it was more than a year later that the suit was, filed in Union County. To suffer a nonsuit it is not necessary that a suitor actually ask for and be granted a nonsuit in the trial court. *State Bank* v. *Magness,* 11 Ark. 343; *Jernigan* v. *Pfeifer Brothers,* 177 Ark. 145, 5 S. W. 2d 941.

*Young* v. *Garrett,* 212 Ark. 693, 208 S. W. 2d 189, was very similar to the case at bar on the point involved here. There, in speaking of the nonsuit statute, Ark. Stat. § 37-222, the court said: "But wording of the Act does not justify belief that it was the legislative purpose to so liberalize this gratuity (permitting a new suit to be filed within a year of suffering a nonsuit) that irrespective of adverse judicial decisions in a given case that the controversy in that jurisdiction had been terminated, a period of one year would yet remain while courts were reaffirming what had already been explicitly held."

As heretofore pointed out, when this court granted prohibition, the action in the Pulaski Circuit Court came to an end. The plaintiff had suffered a nonsuit, and the present action was not filed within one year thereafter. Appellant relies heavily upon the case of *Myers* v. *Union Elec. L. & P. Co.,* 233 Mo. App. 730, 125 S. W. 2d 950. In the peculiar circumstances of that case it was held that a nonsuit did not date from the granting of prohibition, but there the court said: "The test of whether or not a nonsuit has been 'suffered' is whether or not the order or judgment of nonsuit has finally terminated the suit." Here the order granting prohibition terminated the action in the Pulaski Circuit Court just as effectively as it could be done. Therefore, appellant in the case at bar

suffered a nonsuit at that time and it was more than one year before a new suit was commenced. Hence, the new suit could not be saved from a successful plea of the statute of limitations by the one year nonsuit statute.

Affirmed.