Kent Andrew FOLLETTE, individually and as next friend of Andrew Stephenson Follette, a minor child; Jane Elizabeth Follette, individually and as next friend of Andrew Stephenson Follette, a minor child, Appellants,

v.

WAL–MART STORES, INC., doing business as Sam's Wholesale Club, a division of Wal–Mart Stores, Inc., Appellee.

No. 94–1458.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1995.

Decided March 1, 1995.

---

James A. Rasmussen, Wichita Falls, TX, argued, for appellants.

G. Luke Ashley, Dallas, TX, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

This opinion is the second in which we attempt to sort out the procedural morass entangling this case. In this opinion we address whether Kent and Jane Follette's individual claims, as opposed to those brought on behalf of their minor son, are barred by the Arkansas statute of limitations. For the reasons set forth below, we affirm that portion of the District Court's summary judgment which dismisses the Follettes' individual claims. In all other respects, we adhere to our original opinion.

## I.

The Follettes' son was injured when a jug of hairspray purchased from Wal–Mart exploded on August 21, 1989. The Follettes' first attempt to recover for damages received in that accident, on a products-liability theory, ended with a summary judgment in favor of Wal–Mart because the action was not filed within Louisiana's limitations period. The Follettes then filed this breach-of-warranty action in the United States District Court for the Eastern District of Arkansas. Wal–Mart was granted summary judgment on the alternative grounds of res judicata and limitations by the Arkansas Court. The Follettes appealed.

In our first opinion, we held that the breach-of-warranty suit brought by the Follettes on behalf of their minor son, Andrew, was not barred by the Arkansas statute of limitations because of the Arkansas minority savings statute. Additionally, we held that the Follettes' suit fell within the "exceptional circumstance" exception to the Louisiana res judicata statute. Thus, we reversed the District Court's grant of summary judgment in favor of Wal–Mart as to the claims brought on behalf of Andrew Follette by his parents. *Follette v. Wal–Mart Stores*, 41 F.3d 1234 (8th Cir.1994).

In its petition for rehearing Wal–Mart has pointed out that Mr. and Mrs. Follette, in addition to the claims brought on behalf of their son, brought certain claims in their own right. Citing our holding that the three-year statute of limitations governing products-liability actions applies to this suit, Wal–Mart

argues that the Follettes' suit in their own right is barred. The Follettes, on the other hand, argue that the statute of limitations was tolled by the filing of their original suit, which was still pending in the Supreme Court of the United States on petition for writ of certiorari when this suit was filed. Alternatively, the Follettes argue that Arkansas's general savings statute applies to this case. Thus, they claim they had an additional year after the denial of certiorari by the Supreme Court in which to file this suit.

The petition for rehearing by the panel is granted, and we now consider on their merits the arguments with respect to the limitations period governing the Follettes' suit in their own right.[1]

## II.

If the Follettes' individual claims survive, they do so only by operation of the savings statute. Under this statute, "if any action is commenced within the time prescribed ... and the plaintiff therein suffers a nonsuit, ... the plaintiff may commence a new action within (1) one year...." Ark.Code Ann. § 16–56–126 (Michie 1987). The statute is written in the conjunctive, meaning two conditions must be met in order to fall within its language; the original action must be timely, and the plaintiff must suffer a nonsuit in that action. *Young v. Garrett,* 212 Ark. 693, 698, 208 S.W.2d 189, 192, *cert. denied,* 335 U.S. 814, 69 S.Ct. 31, 93 L.Ed. 369 (1948); *Hill v. Pipkins,* 72 Ark. 549, 81 S.W. 1216 (1904). The Follettes cannot benefit from the savings statute because they did not suffer a nonsuit in their original action.

■■■ A nonsuit, under the savings statute, is suffered when plaintiffs "from causes incident to the administration of law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action, yet undetermined...." *State Bank v. Magness,* 11 Ark. 343, 346 (1850). Thus, where a plaintiff's suit is dismissed due to want of diversity of citizenship, *Carton v.*

*Missouri Pacific Railroad Co.,* 295 Ark. 126, 747 S.W.2d 93 (1988), or of a federal question, *Lubin v. Crittenden Memorial Hosp.,* 288 Ark. 370, 705 S.W.2d 872 (1986), or when the first suit is filed in the incorrect court and is subsequently transferred, *Linder v. Howard,* 296 Ark. 414, 757 S.W.2d 549 (1988), the savings statute applies, and the plaintiff is given an extra year in which to reinstitute the suit. Where, however, a suit is dismissed with prejudice for failure to prosecute, no nonsuit has been suffered, and the statute does not apply. The plaintiff's only remedy is to appeal the original decision. *Harris v. Moye's Estate,* 211 Ark. 765, 202 S.W.2d 360 (1947).

■■■ In the case before us, the Follettes had summary judgment entered against them in their first suit. A summary judgment does not leave "a cause of action, yet undetermined." It is a disposition with prejudice and decides the case as surely and finally as if the case had been tried with a verdict adverse to the Follettes. While the Follettes correctly assert that the savings statute is to be liberally construed, the Follettes did not suffer a nonsuit and cannot reap the benefit of the savings statute's period of grace.

## III.

The Follettes filed their individual claims more than three years after the events giving rise to their cause of action. They do not benefit from the savings statute because they did not suffer a nonsuit in their original action. Thus, that portion of the District Court's judgment dismissing the claims of Kent and Jane Follette, individually, is affirmed. In all other respects, the petition for rehearing is denied, and we adhere to our original opinion. Accordingly, so far as the action on behalf of the Follettes' minor child is concerned, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with our opinions.

---

1. In all other respects, Wal–Mart's petition for rehearing is denied. A separate order is being entered denying Wal–Mart's suggestion for rehearing en banc.