Carl Franklin COOK, Appellant,

v.

David GIBBONS, Prosecuting Attorney, Pope County; Johnny Casto, Agent, 5th Judicial District Drug Task Force; William Kelly, Agent, 5th Judicial District Drug Task Force; Scott Harper; Agent, 5th Judicial District Drug Force; Dale Swesey, Criminal Investigator, Arkansas State Police; Richard Hoffman, Criminal Investigator, Arkansas State Police; Hoyt Harness, Criminal Investigator, Little Rock CID; Mark Blankenship, Criminal Investigator, Little Rock, CID; Kevin Webb, Criminal Investigator, Little Rock CID; Mark Thompson, Criminal Investigator, Jonesboro CID; Nick Castro, Criminal Investigator, Fort Smith CID; Robert Speer, Arkansas Highway Police; Jeff Crow, Arkansas Highway Police; Jeff Jester, Arkansas Highway Police; Bobby Alcorn, Arkansas Highway Police; Joel Eubanks, Arkansas Highway Police, Harrison, Arkansas; Charlie Edmondson, Arkansas Highway Police, Fort Smith, Arkansas; Bryan Davis, Arkansas Highway Police, Fort

Smith, Arkansas; Kevin Richmond, Fort Smith Special Operations; Jay Winters, Sheriff, Pope County; Caldwell, Sheriff, Pope County, Appellees.

No. 04–2884.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 17, 2005.

Decided: March 1, 2005.

Carl Franklin Cook, Tucker, AR, pro se.

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

PER CURIAM.

Carl Franklin Cook appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 complaint for damages. Cook filed the complaint in January 2004, alleging that on July 13, 1999, defendants used excessive force in the execution of a search warrant, damaging his real and personal property. The district court dismissed the complaint as untimely because it was filed outside the three-year limitations period applicable to section 1983 suits, *see* Ark.Code Ann. § 16–56–105 (Michie 1987); *Ketchum v. City of W. Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir.1992), and as barred by res judicata because in April 2002 Cook had brought a section 1983 suit (*Cook I* ) alleging the same set of facts, against some of the same defendants. *Cook I* was dismissed on the defendants' motion because Cook raised only official-capacity claims, which were barred by the Eleventh Amendment; in May 2003 we affirmed, and in October 2003 Cook's petition for certiorari was denied. *See Cook v. Ark. State Police,* 63 Fed. Appx. 968 (8th Cir.), *cert. denied,* 540 U.S. 918, 124 S.Ct. 310, 157 L.Ed.2d 214 (2003).

Having carefully reviewed the record, we conclude that res judicata does not bar the instant action: the dismissal in *Cook I* was not a judgment on the merits, but rather a dismissal for lack of jurisdiction; and not all of the present defendants were named in the prior action. *See Canady v. Allstate Ins. Co.,* 282 F.3d 1005, 1014 (8th Cir.2002) (res judicata elements; prior action accorded res judicata effect only if, inter alia, judgment on merits was rendered and same parties were involved); *Republic of Para. v. Allen,* 134 F.3d 622, 626 (4th Cir.) (addressing dismissal on Eleventh Amendment grounds as dismissal for lack of subject matter jurisdiction), *cert. denied,* 523 U.S. 371, 118 S.Ct. 1352,

140 L.Ed.2d 529 (1998); *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir.1989) (Eleventh Amendment presents jurisdictional limit on federal courts in civil rights cases against states and their employees).

We further conclude that Cook's January 2004 complaint was timely, because he had one year from October 2003—the date his petition for certiorari in *Cook I* was denied—to file a new action. *See* Ark. Code. Ann. § 16–56–126 (Michie 1987) (plaintiff may commence new action within 1 year after nonsuit if original action was timely); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir.2001) (Arkansas's saving statute applies to § 1983 suits); *Carton v. Mo. Pac. R.R. Co.,* 295 Ark. 126, 747 S.W.2d 93, 94 (1988) (dismissal of complaint on defendant's motion is same as nonsuit for purposes of § 16–56–126); *Lubin v. Crittenden Mem'l Hosp.,* 288 Ark. 370, 705 S.W.2d 872, 874 (1986) (action must be refiled within 1 year of denial of certiorari by United States Supreme Court).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.